UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIKURA LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>FINISAR CORPORATION,<br><br>    Defendant. | Case No. 15-mc-80110-HRL (JSC)<br><br>(In connection with *Finisar Corp. v. Nistica Inc.*, No. 5:13-cv-03345)<br><br>**SEALING ORDER**<br><br>Re: Dkt. No. 28 |

This dispute relates to two subpoenas that Defendant Finisar Corporation ("Finisar") issued in a patent infringement action pending in this District, *Finisar Corporation v. Nistica Inc.*, No. 5:13-cv-03345-BLF. On May 14, 2015, the Court granted Fujikura's motion to quash and denied Finisar's motion to compel. (Dkt. No. 28.) In the same Order, the Court considered Fujikura and Finisar's administrative motions to file under seal a number of documents submitted in connection with those motions. (*Id.* at 15-16.) The documents that Fujikura and Finisar sought to seal were designated Confidential—Attorneys' Eyes Only by Nistica during the course of discovery in the underlying patent infringement action. The Court could not determine the propriety of sealing these documents because Nistica had not submitted a declaration setting forth their confidential basis as Civil Local Rule 79-5(d) requires. The Court therefore ordered Nistica to submit such declaration within five days of the Order. Nistica has since submitted such declaration, so the Court can address the merits of the sealing motions.

<u>Finisar's Administrative Motion to File Under Seal (Dkt. No. 9)</u>

Finisar's first administrative motion sought to file under seal portions of its cross-motion to compel as well as 14 of the exhibits to the declaration of Robin Davis accompanying the motion.[1]

---

[1] The Court's May 14 Order erroneously noted that Finisar sought to seal 15 exhibits attached to

Nistica's Local Rule 79-5 declaration has sufficiently set forth the confidential basis for 13 of these documents: Exhibits C, F, G, H, I, J, K, M, O, P, S, V, and W. These documents contain confidential information about Nistica's finances, customers, and business plans, and the Court did not rely on these documents in resolving the discovery dispute. The Court therefore finds good cause to seal these documents in their entirety. However, Finisar is directed to file Exhibit E on the public docket, as Nistica provided no grounds for sealing Exhibit E. Thus, Finisar's motion to seal is GRANTED IN PART.

<u>Fujikura's Administrative Motion to File Under Seal (Dkt. No. 19)</u>

Fujikura sought to seal portions of its objections to evidence that Finisar submitted in connection with its motion to compel. The portions sought to be sealed reference the exhibits mentioned above that the Court has concluded are properly filed under seal. Because there is good cause to seal the underlying exhibits, so too is there good cause to seal the portions of Fujikura's objections that discuss those documents. Accordingly, Fujikura's motion to seal is GRANTED.

<u>Finisar's Administrative Motion to File Under Seal (Dkt. No. 24)</u>

Lastly, Finisar's second administrative motion seeks to seal portions of its reply and 7 exhibits submitted in support thereof. As above, the Court had no basis to assess whether these exhibits are properly sealable absent a Local Rule 79-5 declaration from Nistica. (Dkt. No. 28 at 16.) Nistica's Local Rule 79-5 declaration indicates that Exhibit 2, portions of the declaration of Joanne Bisconti, should be sealed in its entirety because it discloses confidential and proprietary internal information and the public does not need access to the testimony to understand the Court's Order. Notwithstanding that Nistica does not identify the *type* of confidential and proprietary internal information the Bisconti testimony excerpts contains, the Court's own review indicates that it contains confidential information about Nistica's business structure and revenue plans. In light of the sensitive nature of such information, and given that the Court did not rely on this document in its May 14 Order, the Court finds good cause to file this document under seal in its entirety.

---

the Davis Declaration, but there were only 14 at issue. (*See* Dkt. No. 28 at 15 n.5.)

1    With respect to Exhibits 3 through 7, Nistica asserts generally that these "are internal e-
2 mails that were produced under promise of confidentiality" and that disclose confidential and
3 proprietary information, as well as employee email addresses that are private. The Court's own
4 review indicates that these exhibits were marked as confidential at Nistica even before discovery
5 in this case, and that they contain sensitive information about Nistica's intended business plans
6 and relationship with other companies. Given the sensitive nature of this information, and because
7 the Court did not rely on any of these documents in resolving the motion to quash or motion to
8 compel, the Court finds good cause to seal these documents. Finisar's motion to seal is therefore
9 GRANTED.

10   This Order disposes of Docket Nos. 9, 19, and 24.

11   **IT IS SO ORDERED.**

12 Dated: July 7, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge